John Stankowski, Appellee, v. International Harvester Company, Appellant.

Gen. No. 17,413.

1. MASTER AND SERVANT—*duty as to tools.* Where a company furnishes a chisel and sharpens and tempers it for use by one of its workmen, it is the duty of such company to use reasonable care to see that it is so tempered as to be reasonably fit and safe for the purposes for which it is to be used.

2. MASTER AND SERVANT—*right of servant to assume that master performed duty.* Where a company furnishes a chisel to one of its workmen which was tempered and sharpened by it, such workman

has a right to assume that the company performed its duty to use reasonable care to see that the chisel was so tempered as to be fit for the purposes for which it is to be used.

3. MASTER AND SERVANT—*when risk not assumed.* Where the master furnishes a chisel to a servant and sharpens and tempers it, the servant does not assume the risk of injury incident to latent defects therein not known by him.

4. NEGLIGENCE—*where mere fact that machine breaks not evidence of.* The mere fact that a machine or tool breaks is no evidence of negligence on the part of the person furnishing it except where the rule *res ipsa loquitur* applies.

5. MASTER AND SERVANT—*res ipsa loquitur.* The rule *res ipsa loquitur* does not apply where action is brought by a servant injured by the breaking of a chisel with which he was working which was furnished and sharpened and tempered by the master.

Appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed with finding of fact. Opinion filed May 21, 1913. Rehearing denied June 9, 1913.

D. A. OREBAUGH, for appellant; EDGAR A. BANCROFT, of counsel.

RICHARD J. FINN, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

Appellee was at the time of the occurrence here involved, and for years before that time had been, an employe of appellant in its shops. In performing the duties of his employment he was accustomed to use a cold chisel. It is a matter of common knowledge that a cold chisel is a piece of steel bar sharpened and tempered at one end and used to cut iron by placing the sharpened end against the iron to be cut and striking the other end with a hammer with greater or less force, according to the size of the chisel, and the cut to be made. On the day in question appellee, while doing his customary work, was using in the regular way a cold chisel that had not been used since it had been sharpened and tempered. With the first stroke of the ham-

mer on the cold chisel a piece of metal flew into the eye of appellee and caused the injury complained of.

The negligence charged against appellant in the first count of the declaration was that it had furnished to appellee a dangerous and defective chisel, made of poor material and not properly tempered and in which there was a flaw, of which appellant had or by reasonable care should have had notice. The second count is, in substance, the same as the first, except that it charges that appellee was ordered by the foreman of appellant to work with the defective and dangerous chisel. The third count is the same as the first, except that it is not therein alleged that appellant had or could have had notice of the defects in the chisel. The fourth count is the same as the third, except that it charges in general terms that appellant furnished appellee with a dangerous and defective chisel without describing in what manner it was defective. Each count charges that by reason of the defective condition of the chisel a fragment of the chisel broke off and penetrated appellee's eye, resulting in the injury complained of. Appellant did not test the sufficiency of the declaration by demurrer, but filed to it and to each count thereof the general issue. The jury found the appellant guilty and assessed the appellee's damages at $2,000, and judgment was rendered thereon.

It is first contended by appellant that, even if the cold chisel was defective, as claimed by appellee, it was a simple tool in the use of which under familiar rules appellee assumed the risk, and that, therefore, admitting all the evidence of appellee to be true, no cause of action is shown thereby, and that the court erred in denying appellant's motions, made at the close of plaintiff's case and renewed at the close of all the evidence, to direct a verdict for defendant. While the evidence on the subject is far from satisfactory, it is practically admitted by appellant that the chisel in

question was not only furnished, but was sharpened and tempered by appellant. It is true that, where simple tools are procured by a master from some one else and furnished to his servant to use, the servant assumes the risks of all defects therein. The theory being that if the defect is latent neither the master nor the servant knows of it, and if it is patent at the start, or develops by use, the servant has at least an equal opportunity with the master of observing the defect. But when the master manufactures a tool, or remodels it, and in so doing leaves it in a defective and dangerous condition a different rule applies, for the master then knows what has been done and how it was done, and the servant does not. The equality of knowledge and means of knowledge is then lacking. *Herricks v. Chicago & E. I. R. Co.*, 257 Ill. 264; *Pfeifer v. Eastern Metal Works*, 358 Ill. 427. It was the duty of the servant of appellant who did the work of sharpening and tempering the cold chisel in question to do that work in a proper and workmanlike manner and not to turn it out as finished until it was so tempered as to be reasonably fit and safe for the purposes for which it was to be used. It was the duty of appellant to use reasonable care to see to it that it was so done. Appellee had a right to assume that his master would do its duty in that regard and in so doing did not assume the risk incident to a latent defect in the chisel not known to him.

The employer is not, however, an insurer of the absolute safety and flawlessness of a tool furnished his servant to work with. He has performed his duty in that regard when he exercises reasonable care to see that such tool is reasonably safe and sound. It is for one claiming a right to recover for a failure on the part of the master to perform that duty, not only to aver, but to prove, such failure and to prove it by a preponderance of the evidence. Assuming that the declaration in this case is sufficient after a verdict to

warrant a recovery for neglience of the master in this repect, and we think it is, there is absolutely no evidence in the record to support it. There is evidence tending to show that the chisel broke, but none to show what caused it to do so. While the testimony shows that it is a very simple matter to ascertain whether it was tempered too hard, no tests are shown to have been made of it, before or after the injury, to determine its condition in that respect. Neither is there any evidence tending to show that the cause of the breaking was due to the failure of appellant to use reasonable care to have it reasonably safe, nor yet that it was not reasonably safe. Except in cases where the rule *res ipsa loquitur* applies, the mere fact that a machine or tool breaks is no evidence of negligence on the part of the person furnishing the tool, and that rule never applies to a suit by a servant against the master, where the injury results from some defect in an instrument, machine or appliance that is under the control of and is being used or operated by the injured servant at the time of the injury, or where the question of assumed risk is in any way involved. *Orenstein v. Boston Store,* 177 Ill. App. 256, and cases there cited. To the facts in the case at bar, the rule *res ipsa loquitur* has no application. It follows that the verdict and judgment in this case are not supported by the evidence.

For the reasons given, the judgment of the Superior Court is reversed with a finding of fact.

*Julgment reversed with finding of fact.*

Finding of Fact: We find as an ultimate fact that appellant was not guilty of the negligence charged in the declaration.